UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HEARNE, | No. 2:16-cv-1614 KJN P |
| Plaintiff, | |
| v. | ORDER |
| C/O GOLDEN, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). As set forth below, plaintiff's complaint is dismissed with leave to amend.

II. Request for In Forma Pauperis Status & Payment of Fee

On September 6, 2016, plaintiff was directed to show cause why this action should not be dismissed without prejudice based on his failure to comply with the July 21, 2016 order. On September 15, 2016, plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On September 16, 2016, a certified trust account statement was provided. Therefore, the order to show cause is discharged.

////

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III.  Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

////

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

IV.  Plaintiff's Complaint

Plaintiff claims that he has medical needs, but cannot attend medical because his housing and property are in jeopardy. While not entirely clear, it appears that plaintiff alleges that if he goes to the hospital for medical treatment, his property will be placed in storage and lost or stolen. Plaintiff claims he is still seeking replacement or reimbursement for property that was previously lost. As relief, plaintiff seeks medical housing at CMF in Vacaville to keep him close to his family in the bay area, and money damages in the amount of "one million dollars for placing [plaintiff] in jeopardy on more [than] 1 level." (ECF No. 1 at 3.) Plaintiff appends an administrative segregation unit ("ASU") placement notice in which it states that plaintiff was placed in the ASU on May 25, 2016, for his own safety. (ECF No. 1 at 4.) He also provides a copy of a November 2, 2010 letter from a correctional counselor responding to plaintiff's letter in which he disagreed with the Department's double cell housing policy, based on his belief that inmates in the mental health programs should not be double-celled. (ECF No. 1 at 5.) Plaintiff was informed that such issue should be addressed with his mental health clinician, and if mental

3

health staff recommend that an inmate not be double-celled, the classification committee will review the inmate's housing status and consider the recommendation. (ECF No. 1 at 5.) On this letter, plaintiff handwrote: "Single cell request to the court!" (Id.) Plaintiff then provided a list of property he alleges was stolen while he was in the hospital on May 22, 2016, as well as administrative appeals regarding the loss of such property. (ECF No. 1 at 6-8.)

V. Discussion

First, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. Therefore, any claims concerning plaintiff's lost or stolen property must be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2). Plaintiff should not include such property claims in any amended complaint.

Second, inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Nor does an inmate have a constitutional right to any particular classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Alleged deprivations of

4

rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment.  Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 483 (1995).  Inmates have no federal constitutional right to particular procedures established by state law.  Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986), abrogated in part on other grounds, Sandin, 515 U.S. at 472.  On the basis of these authorities, the court finds that plaintiff's request to remain housed at CMF to be close to his family fail to state a Fourteenth Amendment claim upon which relief may be granted.

Third, while the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. at 97, 105-06 (1976)).

Plaintiff alleges no facts demonstrating that a mental health professional has recommended that he should be housed in a single cell, and there are no allegations in the

pleading that support such a claim.  In his pleading, plaintiff claims he has medical needs, but he fails to identify such needs, and fails to allege how a particular individual was deliberately indifferent to any such serious medical need.  Indeed, plaintiff includes no specific charging allegations as to any of the individuals named as defendants.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Under these standards, it is unclear whether plaintiff can set forth a cognizable claim against Warden Baughman, absent facts demonstrating his personal involvement.

Fourth, plaintiff references several unrelated allegations. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Because plaintiff failed to include specific charging allegations as to each defendant, it is unclear whether plaintiff's claims are appropriately raised in one action.

In addition, the court notes that plaintiff has filed other cases in which he raises medical claims. Hearne v. Baughman, Case No. 2:16-cv-1357 EFB (E.D. Cal.); Hearne v. Hardee, Case No. 16-1605 AC (E.D. Cal.). Plaintiff is cautioned that if he chooses to file an amended complaint, he should not raise claims he is pursuing in his earlier-filed cases.

Finally, plaintiff states that he has filed a grievance concerning the facts relating to the complaint, but explains that it is "on going." (ECF No. 1 at 2.) Plaintiff confirms that the process is not completed, but states "they reject it. . . ." (Id.)

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

7

1  Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741
2  (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other
3  critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Because proper
4  exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an
5  untimely or otherwise procedurally defective administrative grievance or appeal.  See Woodford,
6  548 U.S. at 90-93.  "[T]o properly exhaust administrative remedies prisoners 'must complete the
7  administrative review process in accordance with the applicable procedural rules,' [] - rules that
8  are defined not by the PLRA, but by the prison grievance process itself."  Jones v. Bock, 549 U.S.
9  199, 218 (2007) (quoting Woodford, 548 U.S. at 88).

10  In California, prisoners may appeal "any policy, decision, action, condition, or omission
11  by the department or its staff that the inmate or parolee can demonstrate as having a material
12  adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).
13  On January 28, 2011, California prison regulations governing inmate grievances were revised.
14  Cal. Code Regs. tit. 15, § 3084.7.  Now inmates in California proceed through three levels of
15  appeal to exhaust the appeal process:  (1) formal written appeal on a CDC 602 inmate appeal
16  form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the
17  Director of the California Department of Corrections and Rehabilitation ("CDCR").  Cal. Code
18  Regs. tit. 15, § 3084.7.  Under specific circumstances, the first level review may be bypassed.  Id.
19  The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a
20  prisoner's administrative remedies.  See id. § 3084.7(d)(3).

21  Since 2008, medical appeals have been processed at the third level by the Office of Third
22  Level Appeals for the California Correctional Health Care Services.  A California prisoner is
23  required to submit an inmate appeal at the appropriate level and proceed to the highest level of
24  review available to him.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King,
25  293 F.3d 1096, 1098 (9th Cir. 2002).  Since the 2011 revision, in submitting a grievance, an
26  inmate is required to "list all staff members involved and shall describe their involvement in the
27  issue." Cal. Code Regs. tit. 15, § 3084.2(3).  Further, the inmate must "state all facts known and
28  available to him/her regarding the issue being appealed at the time," and he or she must "describe

8

the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

Thus, plaintiff is cautioned that he must properly exhaust each claim before he raises such claim in any amended complaint.

VI. Conclusion

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Goode, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

9

Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the Clerk is directed to send plaintiff the form for filing a civil rights complaint.  Plaintiff is cautioned that he must file his claims on the court's form and include factual allegations as to every individual named as a defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The order to show cause (ECF No. 6) is discharged.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

////

////

////

6. The Clerk is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  September 27, 2016

/hear1615.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HEARNE,<br><br>             Plaintiff,<br><br>       v.<br><br>C/O GOLDEN, et al.,<br><br>             Defendants. | No.  2:16-cv-1614 KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

DATED:

                                                    _____
                                                    Plaintiff